## Simson v. Szczur

*Michael Yanoff*, for plaintiff.
*Joseph A. Keating, Jr.*, for defendant.
*Drew P. D'Angelo*, for additional defendant.

MARUTANI, *J.*, August 23, 1978—The City of Philadelphia (City), one of defendants, has filed preliminary objections to the complaint in trespass of plaintiff, David Simson (Simson).

## FACTUAL BACKGROUND

For present purposes, the following appears from the pleadings and the answers to interrogatories. On October 20, 1975, Simson's automobile collided with an automobile being operated by Anthony Szczur, Jr., individual defendant. The collision is said to have occurred in the intersection of Third and Spruce Streets, Philadelphia. City was included as an original defendant for alleged failure to maintain the traffic signal at the intersection, more particularly, that the "[t]raffic controls [were] not working properly; both lights were green."[1]

## PRELIMINARY OBJECTIONS

By its preliminary objections, City contends that: "[p]laintiff's Complaint fails to set forth a valid cause of action against the City . . . since *as a matter of law*, there is no mandatory duty to erect or

---

1. Plaintiff's answers to interrogatories, par. 26.

maintain any traffic signals."[2] (Emphasis supplied.) In addition to case authorities, City cites the Act of April 29, 1959, P.L. 58, sec. 1103, as amended; 75 P.S. §1103.[3]

## DISCUSSION

In sustaining a municipality's preliminary objections in the nature of a demurrer, the court in Fears v. McClinton, 116 Pitts.L.J. 72 (1967), gave the following interpretative impact to section 1103 of the Act of 1959:

"A second reason . . . is that the City owed no duty to erect a traffic signal . . . and there was therefore no duty to assure its uninterrupted operation. A traffic signal that is *completely inoperative* cannot impose any liability on the City. . . . Because the authority granted to the City to erect and maintain traffic signals is discretionary, no legal duty is imposed on the City to maintain them and to assure their constant functioning: [cases cited.]" Ibid at 73 (Emphasis supplied.)[4]

However, it is to be noted that in Fears original

2. Preliminary objections, par. 3.

3. In his brief, plaintiff argues that this statute "has been repealed by the new Pennsylvania Motor Vehicle Code, 75 P.S. Section 101 et seq." Presumably plaintiff refers to section 6121 of the Act of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §6121, which generally was effective as of July 1, 1977. The incident giving rise to plaintiff's claim occurred approximately eight months prior to the *enactment* of the amending statute and twenty months prior to the *effective date* of this amending statute.

4. The first reason the court gave for sustaining the municipality's preliminary objections was that the duties involved were governmental in nature and therefore subject to immun-

defendant's complaint, which sought to join the municipality as an additional defendant, averred negligence by the latter "'in allowing a traffic control to exist . . . in an *inoperative* condition'" (emphasis supplied), a factor which the court specifically considered in dismissing the municipality's preliminary objections.

Instantly, Simson's contention is not that the traffic light in question was *in*operative, but rather that it was *operating defectively,* namely that "both lights were green" for the two vehicles approaching the same intersection from two different highways. Accepting such a factual contention, as we must for present purposes, it is our view that there is posited a factual issue to be resolved by a fact-finder; thus, it would be inappropriate for this court to dispose of the issue "as a matter of law," as City urges.

In assessing a municipality's potential culpability as it applies to governing roadway intersections, we discern a sharp distinction between and among several possible factual circumstances. First, where two vehicles approach from different highways into the same intersection, which intersection is not governed by any traffic controls, both drivers are governed by the vehicle provisions applicable to such situation.[5] Second, where physically there exist traffic control devices but none of which is

ity. However, see the subsequent decision of Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973); Mayle v. Pa. Department of Highways, 479 Pa. 411, 390 A. 2d 181 (1978).

5. For example, under the Act of 1959, as amended in 1963, this situation was governed by section 1013, 75 P.S. §1013; presently, under the Act of 1976, by section 3321, 75 Pa.C.S.A. §3321.

operating—thus, in effect, presenting a "neutral" situation to both motorists—they are relegated to a non-controlled intersection.[6] Third, a malfunctioning traffic control may reasonably mislead either or both motorists.[7] It is this last situation which is presented in the instant case. If, indeed, a municipality negligently[8] permits a "trap" to exist at an intersection to which the reasonably alert but unwary motorist falls victim, then there well may be an act of commission or omission for which the municipality may be answerable. However, to reiterate, this is a matter for resolution by a fact-finder, and not a matter for summary disposition by preliminary objections.[9]

Wherefore, there is entered the following

## ORDER

And now, August 23, 1978, upon consideration of the preliminary objections (in the nature of a demurrer) filed by defendant, City of Philadelphia, to the complaint of plaintiff, David Simson, and after

---

6. For example, see Act of 1976, 75 Pa.C.S.A. §3112(c).

7. Consider the traffic signal interpretation sections, 75 P.S. §1028(b)(1), 75 Pa.C.S.A. §3112(a)(1), which may have a bearing upon the liability of such misled parties.

8. We do not, of course, purport to determine in any manner the claim of negligence. There are many unanswered questions toward resolving that issue. To suggest but one question: was the traffic light in question malfunctioning, as claimed, for a sufficient period of time to impose an attendant duty upon defendant City? Precisely because such issues require resolution by a fact-finder, we deem it inappropriate to dispose of plaintiff's complaint "as a matter of law," as suggested by City.

9. Compare Gallagher v. Kuehneisen, 118 Pitts.L.J. 331 (1970).

oral arguments thereon, it is hereby adjudged, ordered and decreed that the preliminary objections of defendant, City of Philadelphia, to the complaint of plaintiff, David Simson, are overruled; defendant, City of Philadelphia, shall have leave to file an answer to the complaint within 25 days from date hereof, or such other reasonable time as said parties may agree in writing.